# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:15-cr-67-SI |
| v. | **OPINION AND ORDER** |
| **DAVID HAROLD MORSE**, | |
| Defendant. | |

Billy J. Williams, United States Attorney, and Jane H. Shoemaker, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, DISTRICT OF OREGON, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204. Of Attorneys for the United States of America.

Alison M. Clark, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, 101 S.W. Main Street, Suite 1700, Portland, OR 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

The principal issue before the Court is whether Defendant's prior conviction under Oregon state law for Encouraging Child Sex Abuse in the First and Second Degree triggers the enhanced penalty of a ten-year mandatory minimum under 18 U.S.C. § 2252A(b)(2) for the crime of possession of child pornography. Defendant has entered a plea of guilty pursuant to a plea agreement with the Government and is about to be sentenced. For the reasons stated below, the Court finds that under Ninth Circuit precedent the ten-year mandatory minimum applies. Because this precedent appears to conflict with Sixth Circuit authority, however, a secondary issue is raised concerning the basic fairness of the Government's asymmetrical appellate waiver contained in the Defendant's plea agreement under the circumstances of this case.

PAGE 1 – OPINION AND ORDER

This Court is bound by Ninth Circuit precedent, which appears to conflict with the law in the Sixth Circuit. Normally, one would expect that a defendant sentenced in accordance with precedent that conflicts with the law from another circuit would have the opportunity to appeal the district court's decision, at least to ask the appellate court to hear the matter *en banc* or even to ask the United States Supreme Court to grant *certiorari*. Unfortunately, that may not be possible in this case because the Government has conditioned its plea agreement on Defendant waiving his right to appeal the district court's decision on the legal question at issue, if the decision goes against Defendant. The Government, however, preserved its own right to appeal, if the district court had sided with Defendant on this issue.[1]

This asymmetrical appellate waiver contained in Defendant's plea agreement strikes this Court as both unfair and capable of undermining public confidence in the rule of law, at least under the circumstances presented here where the Defendant has a non-frivolous argument that binding Ninth Circuit precedent conflicts with the law of another circuit. When a district court is presented with an important and serious legal question, such as whether a ten-year mandatory minimum sentence of imprisonment must be applied, especially in circumstances where different circuits appear to have reached contrary conclusions, both fairness and the rule of law support the conclusion that either party should have the right to appeal a district judge's decision to a higher court. Requiring a Defendant either to waive his right to appeal under these circumstances or else risk facing a potentially higher mandatory minimum sentence simply is not right.

---

[1] As explained by the Government, it informed Defendant during plea negotiations that if he were to reject the plea agreement that included the asymmetrical waiver of appeal and simply plead guilty to the offense charged, the Government would consider presenting a superseding indictment to the Grand Jury that contained a charge carrying a longer mandatory minimum sentence. No matter how delivered, that is a threat intended to induce Defendant to abandon his right to present a non-frivolous appeal where the lower court was bound by existing precedent.

PAGE 2 – OPINION AND ORDER

## BACKGROUND

In 2006, Defendant was convicted in Oregon state court of one count of Encouraging Child Sex Abuse in the First Degree and two counts of Encouraging Child Sex Abuse in the Second Degree, in violation of Or. Rev. Stat. §§ 163.684 and 163.686, respectively. In 2015, Defendant was indicted by a federal grand jury for one count of possession of child pornography, including images involving prepubescent minors, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). The indictment further alleges that Defendant previously had been "convicted of a sex offense involving a minor, namely, Encouraging Child Sex Abuse in the First Degree, and Encouraging Child Sex Abuse in the Second Degree." ECF 1.

The maximum sentence of imprisonment that may be imposed for violating 18 U.S.C. § 2252A(a)(5) is ten years, unless any image of child pornography involved in the offense depicted a prepubescent minor, in which case the maximum term of imprisonment increases to 20 years. 18 U.S.C. § 2252A(b)(2). In addition, if a person charged under § 2252A(a)(5) "has a prior conviction under this chapter . . .  or under the laws of any State ***relating to*** aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be . . . imprisoned for not less than 10 years nor more than 20 years." *Id.* (emphasis added).

In this case, Defendant and the Government entered in a plea agreement, under which Defendant agreed to plead guilty to the charge of "Possession of Child Pornography involving prepubescent minors, having previously been convicted of a sex offense involving a minor, namely Encouraging Child Sex Abuse in the First and Second Degree." ECF. 30 at ¶ 2. The plea agreement also expressly provided:

> Because defendant's prior convictions for Encouraging Child Sex
> Abuse in the First and Second Degree relate to the possession of
> child pornography, the government maintains defendant is subject
> to the ten (10) year mandatory minimum. ***Defendant may
> challenge the applicability of the mandatory minimum at
> sentencing***. The government will oppose any such challenge.
> Defendant understands that if the Court agrees with the
> government, he will not be permitted to withdraw his plea and will
> be subject to the ten (10) year mandatory minimum term of
> imprisonment.

*Id.* at ¶ 3 (emphasis added).

The parties further agreed that the Government will recommend a sentence of 10 years in prison, regardless of the outcome of the Defendant's challenge before the district court to the applicability of the statutory mandatory minimum and that Defendant will "join in that recommendation if the Court rejects his arguments concerning the mandatory minimum." *Id.* at ¶ 9. The parties also agreed that Defendant, but not the Government, waives his right to appeal from any aspect of the conviction and sentence, except on specifically identified grounds not relevant here. *Id.* at ¶ 11. Although the Court expressed concern over this asymmetrical appellate waiver under the circumstances presented in this case, the Court accepted the Defendant's plea of guilty after holding a plea colloquy with Defendant.[2] ECF 28 and ECF 38 (transcript).

## DISCUSSION

The parties agree that Defendant previously was convicted in Oregon state court of Encouraging Child Sex Abuse in the First and Second Degree in violation of Or. Rev. Stat. §§ 163.684 and 163.686, respectively. They disagree over whether this earlier state court

---

[2] During the sentencing hearing held on June 30, 2016, the Government stated that during the plea negotiations with Defendant the Government took the position that if Defendant accepted the plea offer, including its asymmetrical appellate waiver, then the Government would not seek from the Grand Jury a superseding indictment on an additional charge of receipt of child pornography, which carries a 15-year mandatory minimum. Defendant accepted the plea agreement under those terms. As requested by defense counsel in order to avoid further prejudice to Defendant, the Court accepted Defendant's plea.

conviction is a qualifying conviction that triggers the ten-year mandatory minimum sentence under 18 U.S.C. § 2252A(b)(2). Defendant makes three arguments. First, Defendant contends that because the indictment and plea colloquy did not expressly include in the charge or admission that the prior state conviction was "relating to" the type of qualifying offense required under § 2252A(b)(2), the Court may not even consider the applicability of the ten-year mandatory minimum sentence. Second, Defendant argues that because his prior state conviction was for offenses that do not "categorically align" with the federal offense for which he is now being sentenced, those earlier offenses are not "qualifying offenses" sufficient to trigger the mandatory minimum. Third, Defendant maintains that, if his second argument is rejected, the term "relating to" in the enhancement statute is unconstitutionally vague and overbroad and, thus, cannot be used to trigger the mandatory minimum sentence.

## A.  Whether the "Relating to" Conclusion Must Be Expressly Pleaded and Proven

Defendant begins by asserting that any element other than the "fact" of a previous conviction must be pleaded and, if not admitted, proven beyond a reasonable doubt. *U.S. v. Cotton*, 535 U.S. 625, 627 (2002); *Apprendi v. New Jersey*, 530 U.S. 466 (2000). From this proposition, Defendant concludes that because the fact of a previous conviction alone is insufficient to trigger the mandatory minimum under 18 U.S.C. § 2252A(b)(2), but instead the previous conviction also must be shown to be "related to" certain offenses, the fact of whether the conviction is sufficiently "related to" the required type of offense is an element that must be pleaded and proven, which was not done here.

A virtually identical argument already has been rejected by the Ninth Circuit. *See United States v. Sullivan*, 797 F.3d 623, 635 (9th Cir. 2015), *cert. denied*, 2016 WL 361643 (June 6, 2016). In *Sullivan*, the Ninth Circuit interpreted 28 U.S.C. **§ 2252(b)(2)**, which has a clause that is identical to a clause in **§ 2252A(b)(2)**, the provision at issue here. That clause imposes a

ten-year mandatory minimum sentence if a defendant has a prior conviction "under the laws of

any State *relating to* aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving

a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or

transportation of child pornography . . . ." 18 U.S.C. § 2252(b)(2) (emphasis added); *see also* 18

U.S.C. § 2252A(b)(2) (including an identical provision regarding qualifying prior state

convictions).

　　　In *Sullivan*, the Ninth Circuit held that the defendant's

> argument that a jury must decide whether a prior conviction is an
> offense "relating to aggravated sexual abuse, sexual abuse, or
> abusive sexual conduct involving a minor or ward," 18 U.S.C.
> §§ 2251(e), 2252(b)(2), is foreclosed by *United States v. Brown*,
> 417 F.3d 1077 (9th Cir. 2005) (*per curiam*), which held that the
> categorization of a prior conviction under *Taylor* [*v. United States*,
> 495 U.S. 575 (1990)] "is a legal question, not a factual question
> coming within the purview of *Apprendi* [*v. New Jersey*, 530 U.S.
> 466 (2000)]." *Id.* at 1079–80.

*Sullivan*, 797 F.3d at 635 n.7 (alterations in original).

　　　Similarly, in an earlier decision, the Ninth Circuit provided an even more detailed

explanation for why the appropriate classification of a prior conviction does not need to be

pleaded in an indictment or proven (or admitted). In that case, the Ninth Circuit expressly ruled

that this is a legal question for the court and not a factual matter.

> Defendant's second argument is that, even if the fact of a prior
> conviction need not be proved to a jury beyond a reasonable doubt,
> a jury must decide whether a prior conviction should be classified
> as a "crime of violence" for the purpose of determining career-
> offender status under U.S.S.G. § 4B1.1. We rejected a nearly
> identical argument in *Smith*, 390 F.3d at 666-67. There, we held
> that the district court determined no more than the "fact of a prior
> conviction" when it characterized the defendant's prior convictions
> as "violent felonies" for purposes of the Armed Career Criminal
> Act, 18 U.S.C. § 924(c). We reasoned that the categorical and
> modified categorical analyses conducted pursuant to *Taylor v.*
> *United States*, 495 U.S. 575 (1990), and employed in *Smith*,
> prohibit inquiry into the facts underlying a prior conviction. *Smith*,

390 F.3d at 664-66. We see no principled basis for a different rule under the career-offender provisions of the Sentencing Guidelines. *See United States v. Riley*, 183 F.3d 1155, 1158 (9th Cir. 1999) (applying the *Taylor* categorical approach to a "crime of violence" determination under the career-offender provisions of the Sentencing Guidelines).

When the *Taylor* approach is followed, the categorization of a prior conviction as a "violent felony" or a "crime of violence" is a legal question, not a factual question coming within the purview of *Apprendi*, *Blakely*, and *Booker*. *See, e.g., United States v. Lewis*, 405 F.3d 511, 514 (7th Cir. 2005) ("That legal criteria ('what kind of crime is this?') rather than factual inquiries ('what did this person do when violating that statute?') identify a 'crime of violence' is the principal reason why the [prior convictions] proviso to *Booker* exists[.]"); *United States v. McGuire*, 389 F.3d 225, 231 (1st Cir. 2004) (noting that "whether a prior conviction qualifies as a predicate offense under [U.S.S.G.] section 4B1.1 is a question of law" and holding that the defendant's sentencing as a career offender did not violate *Blakely*) (internal quotation marks and alterations omitted); *United States v. Trala*, 386 F.3d 536, 547 n. 15 (3d Cir. 2004) (holding, under U.S.S.G. § 4B1.1, that "whether an offense is a 'crime of violence or a controlled substance offense' is a legal determination, which does not raise an issue of fact under *Blakely* or *Apprendi*"). Accordingly, Defendant's sentence was not based on an impermissible finding of fact, but only on the fact of his prior convictions. Therefore, there is no Sixth Amendment violation.

*United States v. Brown*, 417 F.3d 1077, 1079-80 (9th Cir. 2005); *see also United States v. Jennings*, 515 F.3d 980, 988 (9th Cir. 2008) (holding, in response to an argument that the Government must plead and prove that prior convictions qualified under the ACCA, that "[t]his contention is squarely foreclosed by Supreme Court and Ninth Circuit precedent, which rejects Sixth Amendment challenges to the judicial categorization of prior convictions under the ACCA." (citing cases, including *James v. United States*, 550 U.S. 192 (2007) (holding that application of the *Taylor* categorical approach to determine whether an offense presents a serious potential risk of physical injury to others 'raises no Sixth Amendment issue'); *United States v. Von Brown*, 417 F.3d 1077, 1079 (9th Cir. 2005) (per curiam) ("When the *Taylor* approach is

followed, the categorization of a prior conviction as a 'violent felony' or a 'crime of violence' is a legal question, not a factual question coming within the purview of *Apprendi*, *Blakely*, and *Booker*.")).

Based on this long line of precedent, the Court rejects Defendant's argument that because the Government failed expressly to plead and prove that Defendant's prior conviction "related to" child pornography, his prior state court conviction may not be considered in deciding whether the mandatory minimum has been triggered. This is a legal issue for the Court, not a factual question that must be pleaded and proven. The Court now turns to that legal question.

## B. Whether Defendant's Prior State Conviction Is a "Qualifying Offense" for Purposes of Sentence Enhancement

As recently explained by the Ninth Circuit:

> To determine whether a prior state conviction falls into the specified class of federal offenses, we generally apply the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990). *See United States v. Sinerius*, 504 F.3d 737, 740 (9th Cir. 2007). Under *Taylor*, the court first defines the federal generic definition of the crime, and then compares the elements of the state offense with that definition. *United States v. Gonzalez–Monterroso*, 745 F.3d 1237, 1240 (9th Cir. 2014). If the state offense criminalizes the same or less conduct than the federal generic definition of the crime, then it is a categorical match to the federal generic offense. *See id*. But where a state statute of conviction criminalizes more conduct than the federal generic offense, it does not qualify as a categorical match. *Id*. Under these circumstances, a court may apply a modified categorical approach if the state criminal statute is divisible. *See Descamps v. United States*, ——U.S.——, 133 S.Ct. 2276, 2283–85 (2013). The *Taylor* categorical approach requires us to look only to the statutory definition of the prior offense and not to the facts underlying that conviction. *See Mellouli v. Lynch*, ——U.S.——, 135 S.Ct. 1980, 1986–87 (2015); *Taylor*, 495 U.S. at 600–01.

*Sullivan*, 797 F.3d at 635.

Defendant argues that the Oregon statutes of the prior conviction in this case criminalize more conduct than the federal offense of possession of child pornography, using the federal

statutory definitions. Defendant admits that in 2006 he was convicted of both Encouraging Child

Sex Abuse in the First Degree, in violation of Or. Rev. Stat. § 163.684[3] and Encouraging Child

Sex Abuse in the Second Degree, in violation of Or. Rev. Stat. § 163.686.[4] For purposes of both

---

[3] Under the version of this statute applicable to Defendant's conviction in 2006,

(1) A person commits the crime of encouraging child sexual abuse in the first degree if the person:

(a)(A) Knowingly develops, duplicates, publishes, prints, disseminates, exchanges, displays, finances, attempts to finance or sells any photograph, motion picture, videotape or other visual recording of sexually explicit conduct involving a child or possesses such matter with the intent to develop, duplicate, publish, print, disseminate, exchange, display or sell it; or

(B) Knowingly brings into this state, or causes to be brought or sent into this state, for sale or distribution, any photograph, motion picture, videotape or other visual recording of sexually explicit "conduct involving a child; and

(b) Knows or is aware of and consciously disregards the fact that creation of the visual recording of sexually explicit conduct involved child abuse.

[4] Under the version of this statute applicable to Defendant's conviction in 2006,

(1) A person commits the crime of encouraging child sexual abuse in the second degree if the person:

(a)(A)(i) Knowingly possesses or controls any photograph, motion picture, videotape or other visual recording of sexually explicit conduct involving a child for the purpose of arousing or satisfying the sexual desires of the person or another person; or

(ii) Knowingly pays, exchanges or gives anything of value to obtain or view a photograph, motion picture, videotape or other visual recording of sexually explicit conduct involving a child for the purpose of arousing or satisfying the sexual desires of the person or another person; and

(B) Knows or is aware of and consciously disregards the fact that creation of the visual recording of sexually explicit conduct involved child abuse; or

statutes, "sexually explicit conduct" is defined under Oregon law as actual or simulated sexual intercourse; genital contact; penetration; masturbation; sadistic or masochistic abuse; or lewd exhibition of sexual *or other intimate parts*. ORS § 163.665(3) (emphasis added).

Defendant correctly states that the Oregon Supreme Court has interpreted the phrase "other intimate parts" in these statutes to apply to "more than 'sexual parts[.]'" *State v. Woodley*, 306 Or. 458, 461, 760 P.2d 884, 886 (1988). "[T]he part must be subjectively intimate to the person touched, and either known by the accused to be so or to be an area of the anatomy that would be objectively known to be intimate by any reasonable person. . . . [T]he court may not, in a criminal case, instruct the jury that any part is objectively 'intimate,' other than breasts." 306 Or. at 463. The Oregon Court of Appeals similarly held that a victim's neck could be construed as an "intimate." *State v. Meyrovich*, 129 P.3d 729, 733 (Or. Ct. App. 2006).

Defendant also correctly states that the federal statutory definition of "sexually explicit conduct" in 18 U.S.C. § 2256, for purposes of federal child pornography offenses in Chapter 110 of Title 18, is narrower than the Oregon definition of that phrase. For purposes of the federal definition, "sexually explicit conduct" is limited to specified acts (actual or simulated) and "lascivious exhibition of the genitals or pubic area of a person." 18 U.S.C. § 2256(2)(A)(v).[5] Based on this distinction between Oregon law and federal law, Defendant argues that because his

---

(b)(A) Knowingly pays, exchanges or gives anything of value to observe sexually explicit conduct by a child or knowingly observes, for the purpose of arousing or gratifying the sexual desire of the person, sexually explicit conduct by a child; and

(B) Knows or is aware of and consciously disregards the fact that the conduct constitutes child abuse.

[5] Defendant does not argue that there is any material difference between the meanings of "lewd" and "lascivious."

"prior Oregon convictions fall under laws that define 'sexually explicit conduct' more broadly than federal law and include conduct not punishable under federal law, his convictions are not a suitable predicate to trigger the mandatory minimum sentence provided by § 2252A(b)(2)." ECF 37 at 11.

The Government responds that the Oregon offenses of conviction need not mirror the federal offense in order to trigger the sentence enhancement because of the phrase "relating to" contained in § 2252(A)(b)(2). ECF 46 at 5-6. In support, the Government relies on both *Sullivan* and *United States v. Sinerius*, 504 F.3d 737 (9th Cir. 2007). In *Sullivan*, the Ninth Circuit held:

> ***Unlike our usual categorical approach, however, the federal statutes here do not require us to find that the state conviction is categorically the same as any particular federal offense, but only that the state conviction is one categorically "relating to" such federal offenses. We have held that the phrase "relating to" generally has a broadening effect on what follows***. For example, in the context of similar language in 18 U.S.C. § 2252A(b), we held that the phrase "relating to" "does not simply mandate a sentencing enhancement for individuals convicted of state offenses equivalent to sexual abuse." *Sinerius*, 504 F.3d at 743. "Rather, it mandates the enhancement for any state offense that stands in some relation, bears upon, or is associated with that generic offense." *Id*. This interpretation is consistent with Supreme Court precedent, which has broadly defined the term "relating to" as "to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992) (quoting BLACK'S LAW DICTIONARY 1158 (5th ed.1979)) (construing "relating to" in a different statutory context). Accordingly, we reject Sullivan's argument that a prior conviction triggers a sentencing enhancement under § 2251(e) or § 2252(b)(2) only if the statutory definition of the prior offense is equivalent to a federal generic definition. ***Indeed, requiring such equivalence would render the words "relating to" in § 2251(e) and § 2252(b)(2) meaningless***.
>
> * * *
>
> [W]e . . . consider whether anything in the text or historical background of § 2251(e) or § 2252(b)(2) indicate that Congress intended to limit the sexual abuse offenses listed in those statutes to certain specific federally defined offenses or acts . . . . We conclude they do not.

PAGE 11 – OPINION AND ORDER

*Sullivan*, 797 F.3d at 637-38, 640 (emphasis added) (citation omitted) (footnote omitted).[6]

There is no doubt that the federal offense of possession of child pornography is "related to" the Oregon child pornography offenses. Oregon courts have interpreted the state offense of Encouraging Child Sexual Abuse in the First Degree as prohibiting producing child pornography and distributing child pornography. *See State v. Bray*, 342 Or. 711, 718 (2007); *State v. Pugh*, 255 Or. App. 357 (2013). Similarly, the state offense of Encouraging Child Sexual Abuse in the Second Degree "prohibits various types of possession or purchase of recorded images of sexually explicit conduct involving a child, as well as paying to observe, or observing, sexually explicit conduct by a child, 'for the purpose of arousing or gratifying the sexual desires of the person or another person,' knowing that the use of the child in a sexual display constituted child abuse." *State v. Porter*, 241 Or. App. 26, 33 (2011).

Defendant, however, attempts to distinguish both *Sullivan* and *Sinerius* on the grounds that in those cases the elements of the state offense were compared to a "generic" federal offense of "sexual abuse" based on the "ordinary and commonsense meaning" of the term "sexual abuse." *See Sullivan*, 797 F.3d at 636; *Sinerius*, 504 F.3d at 742-43 ("the federal crime of 'sexual abuse' under § 2242 is not a definitional provision applicable to § 2252A").[7] Here, however, argues Defendant, the term "sexually explicit conduct" is defined in Chapter 110, at

---

[6] The "usual" categorical approach can be traced to the Supreme Court's decision in *Taylor v. United States*, 495 U.S. 575 (1990). That case, however, did not involve an enhancement statute that contained any "relating to" text like what is found in both § 2252(b)(2) and § 2252A(b)(2), which are the relevant statutes for *Sullivan*, *Sinerius*, and this case. Defendant also invokes the Ninth Circuit's recent decision in *Chavez-Solis v. Lynch*, 803 F.3d 1004 (9th Cir. 2015). That case, too, is distinguishable because it did not involve a sentence enhancement provision that used words like "relating to," as are found in § 2252A(b)(2).

[7] In *Sinerius*, the Ninth Circuit explained that it is using the ordinary and common meaning of "sexual abuse" because Congress did not provide a specific definition in § 2256. *Sinerius*, 504 F.3d at 743.

§ 2256(2)(A), which is the same chapter in which the federal offense under § 2252A(a)(5) and the sentencing enhancement under § 2252A(b)(2) are located.[8] Thus, argues Defendant, the Court must look to the specific federal definition when performing the *Taylor* "categorical approach" in evaluating the elements of the prior state conviction.[9] Although Defendant's distinction is factually accurate, it is not a meaningful distinction because of the words "relating to" in § 2252A(b)(2). *See Sullivan*, 797 F.3d at 637-38 (addressing § 2252(b)(2) and holding, "Unlike our usual categorical approach, however, the federal statutes here do not require us to find that the state conviction is categorically the same as any particular federal offense, but only that the state conviction is one categorically "relating to" such federal offenses.").

No Ninth Circuit decision has been located that directly addresses this point in the context of § 2252A(b)(2), but the operative clause is the same as what appears in § 2252(b)(2). In addition, the Court has located a district court decision that considered the very same Oregon and federal statutes that are at issue here. In *United States v. Haddock*, 2013 WL 6670559 (D. Nev. Dec. 17, 2013), *aff'd on other grounds*, 594 F. App'x 436 (9th Cir. 2015), U.S. District Judge Larry R. Hicks held that Oregon's offense of Encouraging Child Sex Abuse in the First Degree in violation of Or. Rev. Stat. § 163.684 constituted a prior qualifying conviction under 18 U.S.C. § 2252A(b)(1). In explaining that conclusion, Judge Hicks stated:

---

[8] Defendant is correct that here the relevant federal statute here provides applicable definitions, making it unnecessary to use "ordinary and common" meanings. *See* 18 U.S.C. § 2256 (definitions for chapter). For the reasons discussed below, however, that does not change the result.

[9] The Government focuses its arguments on how the prior state crimes "relate to" child pornography, but notes in footnote 1 of its memorandum (ECF 46 at 4) that these crimes also "relate to" sexual abuse and abusive sexual conduct involving a minor, citing *U.S. v. Colson*, 683 F.3d 507 (4th Cir. 2012). Because the Government focuses its argument on child pornography, the Court limits its analysis to whether Defendant's state convictions "related to" child pornography.

Haddock's argument is based on the faulty assumption that both the federal and state statute must be identical for the court to perform the categorical approach under *Taylor*. However, the Ninth Circuit has expressly rejected Haddock's contention that a state conviction must match or be identical to the corresponding federal crime in order to be categorically deemed a qualifying predicate conviction. *See United States v. Farmer*, 627 F.3d 416, 420–22 (9th Cir.2010). Instead, the court must use the ordinary and common meaning of the statutory terms when conducting the analysis. *Sinerius*, 504 F.3d at 743. The ordinary and common meaning of the term "child pornography" is simply "[m]aterial depicting a person under the age of 18 engaged in sexual activity." BLACK'S LAW DICTIONARY (9th Ed.2009). This is the same type of material the Oregon statute prohibits from development, duplication, etc. *See* O.R.S. § 163.684.

More importantly, however, is the fact that Haddock's argument completely ignores the "relating to" language within the federal statute which means "to stand in some relation to; to have bearing or concern; to pertain; refer; to bring into association with or connection with." *Sinerius*, 504 F.3d at 743. As such, the court finds that the sentencing enhancement under § 2252A(b)(1) applies not only to state convictions that are the equivalent of the federal offense, but also to those state convictions that relate to, bear upon, or are associated with the underlying generic offense. Haddock's prior conviction for knowingly developing, duplicating, publishing, printing, disseminating, exchanging, displaying, financing, attempting to finance, and/or selling sexually explicit conduct involving a child "relates to" the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography as defined under the federal statute. Therefore, the court finds that Haddock's prior conviction under Oregon law constitutes a prior predicate conviction under the federal statute for purposes of the sentencing enhancement.

*Haddock*, 2013 WL 6670559, at *3. The Court finds Judge Hicks's reasoning persuasive. The

Oregon offenses have some relation, bear upon, or are associated with child pornography, even

as that term is defined under federal law. *See Cf. Sinerius*, 504 F.3d at 743 (Section 2252A(b)

"mandates the enhancement for any state offense that stands in some relation, bears upon, or is

associated with that generic [federal] offense"). Further, any other interpretation would ignore

the phrase "relating to" in § 2252A(b)(2).

PAGE 14 – OPINION AND ORDER

Defendant, however, identifies a case from the Sixth Circuit that appears to do precisely that. According to Defendant:

> For example, in *United States v. McGrattan*, 504 F.3d 608, 610 (6th Cir. 2007), the defendant pled guilty to § 2252A(a)(2) for knowingly receiving and distributing child pornography. The district court found that his prior conviction under the Ohio statute titled "Illegal Use of Minor in Nudity-Oriented Material or Performance" qualified as a predicate for the (b)(1) sentence enhancement. *Id.* at 609-10. The Ohio statute made it a crime to possess material depicting a minor "in a state of nudity." *Id.* at 610. The Sixth Circuit reversed the district court and held that because Ohio's definition of nudity "clearly covers representations which include the breast or the buttocks, but which do not focus on or even include the genitals or pubic area," there was a realistic probability that someone could be prosecuted and convicted under the Ohio law for conduct outside the federal definition of child pornography and therefore did "not categorically fall within the definition of a prior offenses under 18 U.S.C. § 2252A(b)(l)." *Id.* The court rejected the abandonment of the *Taylor-Shepard* analytical framework in cases arising under § 2252A(b)(1) citing an "underlying concern is the protection of the defendant's jury trial right under the Sixth and Fourteenth Amendments"

ECF 37 at 12; *see also* ECF 37 at 12-13 ("Similarly, the Fourth Circuit '[does] not view Congress' use of the phrase "relating to" in the sexual abuse enhancement as a mandate to broaden the field of defendants subject to the enhancement by eliminating use of the categorical approach.' *United States v. Spence*, 661 F.3d at 199."); *but see United States v. Mateen*, 806 F.3d 857, 860 (6th Cir. 2015) ("Because the government's sole argument is that the section 2252 enhancement for state convictions ***relating to*** sexual abuse applies, we need only analyze whether Ohio's gross sexual imposition statute '***relat[es] to*** . . . sexual abuse.'") (emphasis added) (ellipsis in original).

In response, the Government states:

> The Sixth Circuit is the only Circuit to interpret the statute as narrowly as defendant advances, and it did so without considering the impact of the phrase "relating to"; it simply assumed that § 2252A(b) requires exact correlation between the definitions in

the state statute and those in § 2256. *See United States v. Davis*,
751 F.3d 769, 771 (6th Cir. 2014); *United States v. McGrattan*,
504 F.3d 608 (6th Cir. 2007). In doing so, the Sixth Circuit
effectively read the phrase "relating to" right out of the statute.

ECF 46 at 12.

The Government may be right that the Sixth Circuit's analysis is incorrect because it is

effectively reading the phrase "relating to" out of the statute. Alternatively, the Sixth Circuit may

be correct in doing so in order to apply the *Taylor* categorical approach directed by the Supreme

Court, thereby making the *Sullivan* and *Sinerius* decisions from the Ninth Circuit inconsistent

with Supreme Court precedent. (This Court is skeptical about the soundness of Sixth Circuit's

approach, at least as it is described by Defendant, because when interpreting a statute one should

not ignore the words of a law passed by Congress.) In any event, this Court is directed by Ninth

Circuit precedent not to ignore the words "relating to" as they are found in § 2252A(b)(2). The

fact that the phrase "sexually explicit conduct" is defined in Chapter 110 does not change this

result.[10]

In addition, the Ninth Circuit in *Sinerius* explained

> Finally, experience indicates that when Congress intends to require
> a state offense to be congruent to a corresponding federal offense
> for sentencing enhancement purposes, it will draft such a
> requirement expressly. For example, 18 U.S.C. § 2241(c) requires
> a life sentence where the defendant "has previously been convicted
> of another Federal offense under this subsection, *or of a State
> offense that would have been an offense under either such
> provision had the offense occurred in a federal prison.*" 18 U.S.C.
> § 2241(c) (emphasis added). Similarly, 18 U.S.C. § 3559(e)(2)(B)
> defines a "State sex offense" for purposes of that subsection to
> mean "an offense under State law that is punishable by more than
> one year in prison and *consists of conduct that would be a federal
> sex offense.*" 18 U.S.C. § 3559(e)(2)(B) (emphasis added).

---

[10] Defendant makes a similar argument based on the fact that the Oregon statutes prohibit
financing or attempting to finance sexually explicit material. ECF 37 at 10. Given the presence
of the "relating to" text in § 2252A(b)(2), the result is the same under this argument.

*Sinerius*, 504 F.3d at 743-44 (footnote omitted) (emphasis in original).

Finally, the Defendant invokes the "rule of lenity," urging that in a criminal case any ambiguity must be resolved in favor of Defendant. According to the Supreme Court, however, "[w]e have used the lenity principle to resolve ambiguity in favor of the defendant only 'at the end of the process of construing what Congress has expressed' when the ordinary canons of statutory construction have revealed no satisfactory construction." *Lockhart v. U.S.*, 136 S.Ct. 958, 968 (2016), citing *Callanan v. United States*, 364 U.S. 587, 596 (1961). As in *Lockhart*, "[t]hat is not the case here." Following the approach directed by the Ninth Circuit, the phrase "relating to" in § 2252A(b)(2) is not ambiguous. *See Sullivan*, 797 F.3d at 638.

## C.  Whether "Relating to" Is Unconstitutionally Vague

Defendant also argues that, if the term "relating to" under § 2252A(b)(2) is interpreted sufficiently broadly to apply in this case to trigger the mandatory minimum, then that term is unconstitutionally vague. Defendant relies upon *Mellouli v. Lynch*, 135 S.Ct. 1980 (2015). This argument by Defendant, however, also appears to be foreclosed by the Ninth Circuit's decision in *Sullivan*.

> In considering the application of the *Taylor* categorical approach to a statute that used the term "relating to," the Supreme Court recently affirmed that the words "relating to" are "broad" and "indeterminate," but cautioned that courts may not extend these terms "to the furthest stretch of [their] indeterminacy" where language and historical context tug "in favor of a narrower reading." *Mellouli*, 135 S.Ct. at 1990 (alteration in original) (internal quotation marks omitted).
>
> *      *      *
>
> In sum, *Mellouli* cautions that while a federal statute's use of the terms "relating to" broadens its coverage, that extension is not limitless. A court must consider history and context to determine if they "tug in favor of a narrower reading" of the federal provision. *See id.* at 1990 (alterations and internal quotation marks omitted). Specifically, where Congress expressly narrows the definition of

the federal offense (for example, by referring to a specific list of controlled substances), we must conclude that a state offense that exceeds that definition is not one "relating to" the federal offense. *See id.* at 1990–91. Reading *Morales* and *Mellouli* together, we interpret the phrase "relating to" broadly when applying the *Taylor* categorical approach unless the text and history of the statute require a narrower construction. *See id.* at 1988 n.9, 1990–91; *Morales*, 504 U.S. at 383.

* * *

Because neither context nor history tugs "in favor of a narrower reading," we define the phrase "relating to" in § 2251(e) and § 2252(b)(2) broadly.

*Sullivan*, 797 F.3d at 638-40 (citation omitted).

## CONCLUSION

The question of whether the Oregon offenses of Encouraging Child Sex Abuse in the First and Second Degree are "related to" child pornography, as that phrase is defined under federal law, is a question of law for the Court, not a factual element that must be pleaded and proven. The Court also answers that question in the affirmative: the state offenses are related to the federal offense. The Court further determines that the phrase "relating to" in this context is not unconstitutionally vague. Accordingly, the ten-year mandatory minimum sentence specified in 18 U.S.C. § 2252A(b)(2) applies to Defendant's federal conviction. The Court, however, continues to express serious concern about the basic fairness under the facts of this case involving the plea agreement's asymmetrical waiver of Defendant's right to appeal this Court's decision on these important questions. Such an appeal would not be frivolous or in bad faith, and such a waiver is especially disturbing in light of the apparent conflict between the Ninth Circuit and the Sixth Circuit. Defendant should be afforded an opportunity to appeal this decision, and the Government should not have conditioned any promise not to seek additional charges that carry a longer mandatory minimum sentence on Defendant's waiver of his right to bring a

non-frivolous appeal seeking either *en banc* review by the Ninth Circuit or a writ of *certiorari* by

the U. S. Supreme Court.

**IT IS SO ORDERED**.

DATED this 29th day of June, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge